IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KARSTEN SCHUH, individually and on behalf of all others similarly situated | ) ) ) | |
| v. | ) ) | |
| HCA HOLDINGS, INC.; RICHARD M. BRACKEN; R. MILTON JOHNSON; CHRISTOPHER J. BIROSAK; JOHN P. CONNAUGHTON; JAMES D. FORBES; KENNETH W. FREEMAN; THOMAS F. FRIST, III; WILLIAM R. FRIST; CHRISTOPHER R. GORDON; MICHAEL W. MICHELSON; JAMES C. MOMTAZEE; STEPHEN G. PAGLIUCA; NATHAN C. THORNE; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; CITIGROUP GLOBAL MARKETS INC.; J.P. MORGAN SECURITIES LLC; BARCLAYS CAPITAL INC.; CREDIT SUISSE SECURITIES (USA) LLC; DEUTSCHE BANK SECURITIES INC.; GOLDMAN SACHS & CO.; MORGAN STANLEY & CO. INCORPORATED; and WELLS FARGO SECURITIES, LLC | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3-11-1033<br><br>Consolidated with Nos. 3-11-1098 and 3-11-1170 |

O R D E R

The plaintiff's motion to admissions pro hac vice (Docket Entry No. 118) is GRANTED.

Debra J. Wyman and Francis A. DiGiacco are hereby admitted to practice in this case on behalf of the plaintiff.

The Clerk is directed to enter the same address and telephone number for Francis A. DiGiacco as already listed on the docket for Debra J. Wyman.

The plaintiff's motion to set case management conference (Docket Entry No. 121) is GRANTED in part to the extent that a case management conference will not be scheduled on June 14, 2013, but rather, for the reasons explained by the HCA defendants in their opposition

(Docket Entry No. 122), the case management conference is scheduled on **Tuesday, July 23, 2013, at 11:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN.

The stay of discovery, imposed in the order entered May 15, 2012 (Docket Entry No. 88), is LIFTED.

The parties are encouraged to agree upon an expedited schedule for production of requested documents and, to the extent feasible, begin producing such documents prior to July 23, 2013, even if formal discovery requests have not been served. However, the defendants are not required to produce documents without a formal discovery request and the Court notes that there is sufficient time for the plaintiffs to serve discovery requests for which responses could be due prior to the July 23, 2013, case management conference.

Prior to the case management conference, counsel for the parties shall confer and prepare a proposed, joint case management order, including the parties' respective theories of the case, issues resolved and in dispute, proposed scheduling for the remaining progression of the case, and any other relevant matters provided in Local Rule 16.01(d)(1)(c) and 16.01(d)(2). If the parties anticipate discovery of electronically stored information, they shall include in the proposed initial case management order the methodology for such discovery. See Administrative Order No. 174, entered July 9, 2007.

Counsel shall e-file the proposed order prior to the initial case management conference.

All counsel appearing at the initial case management conference shall bring with them their calendars and be cognizant of the calendars of any attorneys not appearing at the initial case management conference whose schedules are relevant to the scheduling in this case.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge