**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KARSTEN SCHUH, Individually and on Behalf of All Others Similarly Situated,**<br><br>***Plaintiff,***<br><br>**vs.**<br><br>**HCA HOLDINGS, INC., *et al.*,**<br><br>***Defendants.*** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No. 3:11-cv-01033**<br><br>**(Lead Case)**<br><br>**Judge Kevin H. Sharp**<br>**Magistrate Judge Juliet E. Griffin** |

**THE UNDERWRITER DEFENDANTS' ANSWER TO THE CONSOLIDATED COMPLAINT**

Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Morgan Stanley & Co., LLC (formerly known as Morgan Stanley & Co. Incorporated), Wells Fargo Securities, LLC, Avondale Partners, LLC, CRT Capital Group LLC, Caris & Company, Inc., CastleOak Securities, L.P., Cowen and Company, LLC, Credit Agricole Securities (USA) Inc., Gleacher & Company Securities, Inc., Lazard Capital Markets LLC, Leerink Swann LLC, Loop Capital Markets L.L.C., Mizuho Securities USA Inc., Morgan Keegan & Company, Inc., Muriel Siebert & Co., Inc., Oppenheimer & Co. Inc., RBC Capital Markets, LLC, RBS Securities Inc., Raymond James & Associates, Inc., Robert W. Baird & Co. Incorporated, SMBC Nikko Capital Markets Limited, Samuel A. Ramirez & Company, Inc., Sanford C. Bernstein & Co., LLC, SunTrust Robinson Humphrey, Inc., Susquehanna Financial Group, LLLP, and The Williams Capital Group,

L.P. (collectively, the "Underwriter Defendants"), by their undersigned attorneys, hereby answer the Consolidated Amended Complaint, dated July 13, 2012 (the "Complaint").[1]

In collectively responding to the allegations below, the Underwriter Defendants (i) answer that, in connection with their participation as members of a syndicate involved in the IPO, they performed reasonable and customary due diligence and, as a result of their due diligence, had reasonable grounds to believe the statements in what the Lead Plaintiff ("Plaintiff") refers to in the Complaint as the "Registration Statement" with respect to such IPO to be true and complete and/or had no reasonable grounds to believe the statements in the Registration Statement with respect to such offering were untrue or not complete, as applicable; (ii) incorporate into each such response a denial of all allegations in the Complaint (including those outside of the knowledge and information of the Underwriter Defendants) to the extent they assert or suggest that the Registration Statement was false or misleading in any respect, or to the extent they assert any factual allegations that are inconsistent with, or contrary to, the Registration Statement, to which the Underwriter Defendants respectfully refer the Court for the complete and accurate contents thereof as of the time of the IPO; (iii) deny any averments in the headings or subheadings of the Complaint; and (iv) in all events intend to respond only as to allegations directed at each of them individually, and none of them should be deemed to be responding to allegations that are directed solely to other Defendants (including other Underwriter Defendants).

The Underwriter Defendants further respond to the specific allegations in the Complaint as follows:

[1] Terms used in this Answer shall have the meaning ascribed to them in the Complaint unless otherwise defined herein.

1. To the extent that Paragraph 1 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 1, except (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to Defendant Hercules, (ii) admit, upon information and belief, that in November 2006 HCA was acquired by a private investor group, (iii) admit, upon information and belief, that HCA common stock was sold to investors in connection with HCA's IPO at a price of $30 per share, and (iv) admit that Paragraph 1 purports to describe the nature of the above-captioned action (the "Action") and the putative Class that Plaintiff purports to represent. The Underwriter Defendants respectfully refer the Court to the Registration Statement and Prospectus related to the IPO (including materials incorporated by reference therein) (the "Registration Statement") for the complete and accurate contents thereof as of the time of the IPO.

2. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2, except admit, upon information and belief, that at all times relevant to this Action, HCA owned, managed, or operated hospitals, freestanding surgery centers, diagnostic and imaging centers, radiation and oncology therapy centers, rehabilitation and physical therapy centers, and various other facilities. The Underwriter Defendants respectfully refer the Court to the Registration Statement for a complete description of material aspects of HCA's business and operations as of the time of the IPO.

3. To the extent that Paragraph 3 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants

deny the allegations contained in Paragraph 3, except (i) admit on information and belief that the Registration Statement was declared effective by the SEC on or about March 9, 2011, and (ii) respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO.

4. To the extent that Paragraph 4 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 4, except respectfully refer the Court to public market sources for a true and accurate record of the closing prices on relevant days.

5. To the extent that Paragraph 5 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 5, except admit that Plaintiff purports to bring the Action pursuant to the statutes cited therein.

6. To the extent that Paragraph 6 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 6, except admit that Plaintiff purports to base jurisdiction over the subject matter of the Action on the statutes cited therein.

7. To the extent that Paragraph 7 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 7, except (i) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving Defendants other than the Underwriter Defendants, and (ii) admit that Plaintiff purports to base venue on the statutes cited therein.

8. To the extent that Paragraph 8 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 8, except (i) admit and aver that the IPO entailed interstate commerce, and (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations involving defendants other than the Underwriter Defendants.

9. To the extent that Paragraph 9 states a legal conclusion, no responsive pleading is required. The Underwriter Defendants deny the allegations contained in Paragraph 9, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to the purported acquisition of common stock by Plaintiff. The Underwriter Defendants deny that Plaintiff has standing to sue, and/or to represent a putative Class of similarly situated individuals and/or entities, in connection with the claims against the Underwriter Defendants brought under the Securities Act of 1933 ("Securities Act").

10. The Underwriter Defendants deny that the allegations contained in Paragraph 10 present a fair and complete description of the matters addressed therein, except (i) admit, upon information and belief, that at all times relevant to the Action, HCA was headquartered in Nashville, Tennessee, (ii) admit, upon information and belief, that all times relevant to this Action, HCA operated acute care hospitals, outpatient facilities, clinics and other patient care delivery settings, and (iii) admit, upon information and belief, that at all times relevant to this Action, HCA operated hospitals in the United States and United Kingdom. The Underwriter Defendants respectfully refer the Court to

the Registration Statement for a complete description of material aspects of HCA's business and operations as of the time of the IPO.

11. The Underwriter Defendants deny the allegations contained in Paragraph 11, except respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO, including as to HCA's directors and officers.

12. The Underwriter Defendants deny the allegations contained in Paragraph 12, except respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO, including as to HCA's directors and officers.

13. The Underwriter Defendants deny the allegations contained in Paragraph 13, except respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO, including as to HCA's directors and officers.

14. The Underwriter Defendants deny the allegations contained in Paragraph 14, except respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO, including as to HCA's directors and officers.

15. The Underwriter Defendants deny the allegations contained in Paragraph 15, except respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO, including as to HCA's directors and officers.

16. The Underwriter Defendants deny the allegations contained in Paragraph 16, except respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO, including as to HCA's directors and officers.

17. The Underwriter Defendants deny the allegations contained in Paragraph 17, except respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO, including as to HCA's directors and officers.

18. The Underwriter Defendants deny the allegations contained in Paragraph 18, except respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO, including as to HCA's directors and officers.

19. The Underwriter Defendants deny the allegations contained in Paragraph 19, except respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO, including as to HCA's directors and officers.

20. The Underwriter Defendants deny the allegations contained in Paragraph 20, except respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO, including as to HCA's directors and officers.

21. The Underwriter Defendants deny the allegations contained in Paragraph 21, except respectfully refer the Court to the Registration Statement for the complete and

accurate contents thereof as of the time of the IPO, including as to HCA's directors and officers.

22. The Underwriter Defendants deny the allegations contained in Paragraph 22, except respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO, including as to HCA's directors and officers.

23. The Underwriter Defendants deny the allegations contained in Paragraph 23, except respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO, including as to HCA's directors and officers.

24. Paragraph 24 contains no factual allegations and, accordingly, no responsive pleading is required.

25. To the extent the allegations contained in Paragraph 25 state a legal conclusion, no responsive pleading is required. Merrill Lynch, Citigroup, and JP Morgan each deny the allegations in Paragraph 25. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25. All Underwriter Defendants in all events respectfully refer the Court to the Registration Statement for the complete and accurate description of the underwriting arrangements relating to the IPO.

26. To the extent the allegations contained in Paragraph 26 state a legal conclusion, no responsive pleading is required. Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Morgan Stanley & Co., LLC (formerly known as Morgan Stanley & Co. Incorporated), Wells

Fargo Securities, LLC, Credit Agricole Securities (USA) Inc., Mizuho Securities USA Inc., RBC Capital Markets, LLC, RBS Securities Inc., SMBC Nikko Capital Markets Limited, SunTrust Robinson Humphrey, Inc., Avondale Partners, LLC, Robert W. Baird & Co. Incorporated, Cowen and Company, LLC, CRT Capital Group LLC, Lazard Capital Markets LLC, Leerink Swann LLC, Morgan Keegan & Company, Inc., Oppenheimer & Co. Inc., Raymond James & Associates, Inc., Susquehanna Financial Group LLLP, Samuel A. Ramirez and Company, Inc., The Williams Capital Group, L.P., Muriel Siebert & Co., Inc., Loop Capital Markets L.L.C., Gleacher & Company Securities, Inc., CastleOak Securities, L.P., Sanford C. Bernstein & Co., LLC, and Caris & Company, Inc. each deny the allegations in Paragraph 26. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26. All Underwriter Defendants in all events respectfully refer the Court to the Registration Statement for the complete and accurate description of the underwriting arrangements relating to the IPO.

27. Paragraph 27 contains no factual allegations and, accordingly, no responsive pleading is required.

28. To the extent the allegations contained in Paragraph 28 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28, except (i) admit, upon information and belief, that at the time of the IPO, units of Hercules were held by a private investor group described in the Registration Statement, and (ii) Defendant Merrill Lynch denies those portions of the allegations in Paragraph 28 that concern its purported

relationship to Defendant Hercules. The Underwriter Defendants respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO.

29. To the extent that Paragraph 29 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 29.

30. To the extent that Paragraph 30 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 30, except (i) admit on information and belief that the Registration Statement was declared effective by the SEC on or about March 9, 2011, and (ii) respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO.

31. The Underwriter Defendants deny that the allegations in Paragraph 31 present a fair and complete description of the matters addressed therein, and further deny the allegations in Paragraph 31 to the extent they suggest that the Registration Statement was false or misleading. The Underwriter Defendants respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof and for a complete and accurate description of HCA's business and operations as of the time of the IPO.

32. To the extent that Paragraph 32 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 32, except (i) respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO, and (ii) respond that the allegations contained in subparts (a), (e) and (f) of

Paragraph 32 require no responsive pleading to the extent that they relate solely to one of the allegations on which the Court granted the motion to dismiss pursuant to its Memorandum and Order dated May 28, 2013.

33. The allegations contained in Paragraph 33 relate solely to one of the allegations on which the Court granted the motion to dismiss pursuant to its Memorandum and Order dated May 28, 2013, and, accordingly, no responsive pleading is required. In addition, to the extent that Paragraph 33 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 33 to the extent they suggest that the Registration Statement was false or misleading, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 33.

34. The allegations contained in Paragraph 34 relate solely to one of the allegations on which the Court granted the motion to dismiss pursuant to its Memorandum and Order dated May 28, 2013, and, accordingly, no responsive pleading is required. In addition, to the extent that Paragraph 34 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny that the allegations of Paragraph 34 present a fair and complete description of the background and scope of the rules and regulations described therein, except respectfully refer the Court to such provisions for the complete and accurate contents thereof as of the time of the IPO.

35. The allegations contained in Paragraph 35 relate solely to one of the allegations on which the Court granted the motion to dismiss pursuant to its

Memorandum and Order dated May 28, 2013, and, accordingly, no responsive pleading is required. In addition, to the extent that Paragraph 35 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, except deny that the allegations of Paragraph 35 present a fair and complete description of the background and scope of the rules or regulations described therein. The Underwriter Defendants respectfully refer the Court to such provisions for the complete and accurate contents thereof as of the time of the IPO.

36. The allegations contained in Paragraph 36 relate solely to one of the allegations on which the Court granted the motion to dismiss pursuant to its Memorandum and Order dated May 28, 2013, and, accordingly, no responsive pleading is required. In addition, to the extent that Paragraph 36 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 36.

37. The allegations contained in Paragraph 37 relate solely to one of the allegations on which the Court granted the motion to dismiss pursuant to its Memorandum and Order dated May 28, 2013, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 37, except deny the allegations contained in Paragraph 37 to the extent they suggest that the Registration Statement was false or misleading. The

Underwriter Defendants respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO.

38. The allegations contained in Paragraph 38 relate solely to one of the allegations on which the Court granted the motion to dismiss pursuant to its Memorandum and Order dated May 28, 2013, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 38, except deny the allegations contained in Paragraph 38 to the extent they suggest that the Registration Statement was false or misleading. The Underwriter Defendants respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO.

39. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 39, except deny the allegations contained in Paragraph 39 to the extent they suggest that the Registration Statement was false or misleading. The Underwriter Defendants respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO.

40. To the extent that Paragraph 40, states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 40, except (i) deny these allegations to the extent they suggest that the Registration Statement was false or misleading, and (ii) deny these allegations present a fair and complete description of the background and scope of the

rules or regulations described therein. The Underwriter Defendants respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO.

41. The allegations contained in Paragraph 41 relate solely to one of the allegations on which the Court granted the motion to dismiss pursuant to its Memorandum and Order dated May 28, 2013, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 41, except deny the allegations contained in Paragraph 41 to the extent they suggest that the Registration Statement was false or misleading. The Underwriter Defendants respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO.

42. The allegations contained in Paragraph 42 relate solely to one of the allegations on which the Court granted the motion to dismiss pursuant to its Memorandum and Order dated May 28, 2013, and, accordingly, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 42, except deny the allegations contained in Paragraph 42 to the extent they suggest that the Registration Statement was false or misleading. The Underwriter Defendants respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO. The Underwriter Defendants respectfully refer the Court to the news article referenced in Paragraph 42 for the complete and accurate contents thereof.

43. The allegations contained in Paragraph 43 relate solely to one of the allegations on which the Court granted the motion to dismiss pursuant to its Memorandum and Order dated May 28, 2013, and, accordingly, no responsive pleading is required. In addition, to the extent that Paragraph 43 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 43, except deny the allegations contained in Paragraph 43 to the extent they suggest that the Registration Statement was false or misleading. The Underwriter Defendants respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO. The Underwriter Defendants deny that the allegations of Paragraph 43 present a fair and complete description of the background and scope of the rules or regulations described therein, except respectfully refer the Court to such rules or regulations for the complete and accurate contents thereof as of the time of the IPO.

44. To the extent that Paragraph 44 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 44, except deny the allegations contained in Paragraph 44 to the extent they suggest that the Registration Statement was false or misleading. The Underwriter Defendants respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO.

45. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 45, except

deny the allegations contained in Paragraph 45 to the extent they suggest that the Registration Statement was false or misleading. The Underwriter Defendants respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO.

46. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 46, except deny the allegations contained in Paragraph 46 to the extent they suggest that the Registration Statement was false or misleading. The Underwriter Defendants respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO.

47. To the extent that Paragraph 47 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 47, except deny the allegations contained in Paragraph 47 to the extent they suggest that the Registration Statement was false or misleading, and further deny that the allegations contained in Paragraph 47 present a fair and complete description of the background and scope of the accounting guidance described therein. The Underwriter Defendants respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO.

48. The Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48, except deny the allegations contained in Paragraph 48 to the extent they suggest that the Registration Statement was false or misleading. Further, the allegations contained in Paragraph 48 are

based upon a purported "nationally recognized expert" whose identity, credibility, reliability and accuracy have not been established, and therefore the Underwriter Defendants deny such allegations on information and belief.

49. The allegations contained in Paragraph 49 relate solely to one of the allegations on which the Court granted the motion to dismiss pursuant to its Memorandum and Order dated May 28, 2013, and, accordingly, no responsive pleading is required. In addition, to the extent that Paragraph 49 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 49, except respectfully refer the Court to the Registration Statement and HCA's prior SEC filings for the complete and accurate contents thereof.

50. To the extent that the allegations contained in Paragraph 50 relate solely to one of the allegations on which the Court granted the motion to dismiss pursuant to its Memorandum and Order dated May 28, 2013, no responsive pleading is required. In addition, to the extent that Paragraph 50 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 50, except respectfully refer the Court to the Registration Statement and HCA's March 1, 2010 10-K for the complete and accurate contents thereof as of the time of the IPO.

51. To the extent the allegations contained in Paragraph 51 relate solely to one of the allegations on which the Court granted the motion to dismiss pursuant to its Memorandum and Order dated May 28, 2013, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information

sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 51, except deny the allegations contained in Paragraph 51 to the extent they suggest that the Registration Statement was false or misleading.

52. Defendant JP Morgan denies the allegations in the second sentence of Paragraph 52, except respectfully refers the Court to the analyst report referenced in Paragraph 52 for the complete and accurate contents thereof, and further denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 52, except denies such allegations to the extent that they suggest the Registration Statement was false or misleading. The remaining Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52, except deny the allegations to the extent they suggest that the Registration Statement was false or misleading. All Underwriter Defendants in all events respectfully refer the Court to the Registration Statement for the complete and accurate contents thereof as of the time of the IPO.

53. To the extent that Paragraph 53 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny that the allegations contained in Paragraph 53 accurately or fairly describe the factors affecting the stock price movements described therein, specifically deny that any stock price movements or purported investor harm was the result of any alleged deficiency in the Registration Statement or conduct of the Underwriter Defendants, except respectfully refer the Court to public market sources for a true and accurate record of the closing prices on relevant days.

54. To the extent the allegations contained in Paragraph 54 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 54, except admit that Plaintiff purports to bring this Action on behalf of the putative Class defined in Paragraph 54.

55. To the extent the allegations contained in Paragraph 55 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 55, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second and fourth sentences of Paragraph 55.

56. To the extent the allegations contained in Paragraph 56 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 56.

57. To the extent the allegations contained in Paragraph 57 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 57, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the Complaint with respect to the competence or experience of Plaintiff's counsel.

58. To the extent the allegations contained in Paragraph 58 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 58.

59. To the extent the allegations contained in Paragraph 59 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 59.

60. The Underwriter Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that the allegations contained in Paragraph 60 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 60.

61. To the extent the allegations contained in Paragraph 61 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 61, except admit Plaintiff purports to describe his claim therein.

62. To the extent the allegations contained in Paragraph 62 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 62.

63. To the extent the allegations contained in Paragraph 63 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 63.

64. To the extent the allegations contained in Paragraph 64 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 64, except admit and aver that HCA offered common stock in connection with the IPO.

65. To the extent the allegations contained in Paragraph 65 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 65.

66. To the extent the allegations contained in Paragraph 66 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 66.

67. To the extent the allegations contained in Paragraph 67 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 67.

68. To the extent the allegations contained in Paragraph 68 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 68.

69. The Underwriter Defendants repeat and reallege each and every response set forth in the foregoing paragraphs as if fully set forth herein. To the extent that the allegations contained in Paragraph 69 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 69.

70. To the extent the allegations contained in Paragraph 70 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 70, except admit Plaintiff purports to describe his claim therein.

71. To the extent the allegations contained in Paragraph 71 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 71.

72. To the extent the allegations contained in Paragraph 72 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 72.

73. To the extent the allegations contained in Paragraph 73 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 73.

74. To the extent the allegations contained in Paragraph 74 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 74.

75-78. The allegations contained in Paragraphs 75-78 are not directed at the Underwriter Defendants, who are not alleged to be control persons, and therefore the Underwriter Defendants are not required to answer such allegations.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any matters where that burden rests on Plaintiff, the Underwriter Defendants assert the following affirmative and other defenses with respect to the claims the Plaintiff purports to assert in the Complaint:[2]

## FIRST DEFENSE

The claims asserted against the Underwriter Defendants fail to allege facts sufficient to state a claim upon which relief may be granted.

---

[2] In the Affirmative and Other Defenses, the term "Plaintiff" refers generally to Plaintiff New England Teamsters & Trucking Industry Pension Fund and any member of the putative Class.

## SECOND DEFENSE

Plaintiff has failed to plead their claims against the Underwriter Defendants with particularity.

## THIRD DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff lacks standing to assert some or all of its claims against the Underwriter Defendants.

## FOURTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that some or all of Plaintiff's claims against the Underwriter Defendants are barred by the applicable statues of limitations.

## FIFTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that to the extent that Plaintiff and members of the putative Class purchased the HCA securities offered in the IPO (the "Offered Securities") in the secondary market that are not traceable to the Registration Statement for the Offered Securities, they are not entitled to any recovery from the Underwriter Defendants.

## SIXTH DEFENSE

Plaintiff is not entitled to any recovery from the Underwriter Defendants because, with regard to any part of the Registration Statement challenged in the Complaint (1) purporting to be made on the authority of an expert, or (2) purporting to be a copy of or an extract from a report or valuation of an expert, the Underwriter Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the

Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading, or that such part of the Registration Statement did not fairly represent the statement of the expert or was not a fair copy of or an extract from the report or valuation of the expert or public official document.

**SEVENTH DEFENSE**

Plaintiff is not entitled to any recovery from the Underwriter Defendants because, with regard to any part of the Registration Statement challenged in the Complaint (1) purporting to be a statement made by an official person, or (2) purporting to be a copy of or extract from a public official document, the Underwriter Defendants had no reasonable grounds to believe, and did not believe, at the time such part of the Registration Statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading, or did not fairly represent the statement made by the official person or was not a fair copy of or extract from the public official document.

**EIGHTH DEFENSE**

Plaintiff is not entitled to any recovery from the Underwriter Defendants because, with regard to any part of the Registration Statement challenged in the Complaint (1) not purporting to be made on the authority of an expert, (2) not purporting to be a copy of or an extract from a report or valuation of an expert, and (3) not purporting to be made on authority of a public official document or statement, the Underwriter Defendants, after reasonable investigation, had reasonable grounds to believe and did believe, at the time such part of the Registration Statement became effective, that the statements therein were

true and that there was no omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading.

## NINTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that some or all of the alleged damages are not recoverable because some or all of the alleged damages represent other than the depreciation in value of the Offered Securities resulting from such part of the Registration Statement, with respect to which the Underwriter Defendants' liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

## TENTH DEFENSE

Plaintiff is not entitled to any recovery from the Underwriter Defendants because the Registration Statement did not contain any false or misleading statements of material fact or omission of material fact, and because the Registration Statement bespoke caution about the risks of investing in the Company.

## ELEVENTH DEFENSE

The Underwriter Defendants are informed and believe, and on that basis allege, that any loss or diminution in value of the Offered Securities, or any alleged damages or injuries suffered by Plaintiff, are not the result of any alleged misrepresentations or omissions in the Registration Statement, and are the proximate result, either in whole or in part, of actions or omissions of persons or entities or an intervening and independent cause other than the Underwriter Defendants and unrelated to any act or omission on the part of the Underwriter Defendants.

**TWELFTH DEFENSE**

Plaintiff is not entitled to any recovery from the Underwriter Defendants because the allegedly untrue statements of material fact, and/or omissions of material fact, in the Registration Statement were not material to the investment decisions of a reasonable investor.

**THIRTEENTH DEFENSE**

Plaintiff is not entitled to any recovery under the Securities Act from the Underwriter Defendants because the Underwriter Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because at all relevant times, the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

**FIFTEENTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that if and to the extent the Registration Statement and materials incorporated therein are determined to have contained false or misleading statements (which the Underwriter Defendants deny), Plaintiff and members of the putative Class either knew or should have known about the matters alleged in the Complaint, and their own negligence or other fault proximately contributed to the injuries allegedly suffered by Plaintiff and the putative Class from the purchase and sale of the offered securities, and bars any recovery to the extent thereof.

**SIXTEENTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that if and to the extent the Registration Statement and materials incorporated therein are found to have false or misleading statements (which the Underwriter Defendants deny), the actual facts which Plaintiff alleges to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources.

**SEVENTEENTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff and members of the putative Class are not entitled to any recovery from the Underwriter Defendants because Plaintiff and the putative Class purchased the Offered Securities with actual or constructive knowledge of the risks involved in an investment in HCA securities, and thus assumed the risk that the value of the securities would decline if such risks materialized.

**EIGHTEENTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff and members of the putative Class are not entitled to any recovery from the Underwriter Defendants because Plaintiff and the putative Class would have purchased the Offered Securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

**NINETEENTH DEFENSE**

Plaintiff's claims and/or the claims of any members of the putative Class that Plaintiff purports to represent are barred in whole or in part because the Underwriter Defendants neither owed nor breached any duty to Plaintiff or the putative Class to

disclose information allegedly omitted in the Registration Statement, and had no duty to verify, opine upon, audit, review or correct such information disclosed in the Registration Statement.

**TWENTIETH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that to the extent the Complaint is based on any forward-looking statement, the claims asserted in the Complaint are barred, in whole or in part, by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 or the bespeaks caution doctrine.

**TWENTY-FIRST DEFENSE**

The Underwriter Defendants are not liable to Plaintiff under Section 12(a)(2) of the Securities Act because none of them knew, and in the exercise of reasonable care could have known, that the prospectus disclosures contained in the Registration Statement contained any untrue statement of material fact, or omitted to state a material fact necessary in order to make the statements not misleading.

**TWENTY-SECOND DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that the putative Class period for the Securities Act claims is overbroad and, therefore, many of the putative Class members are not entitled to any recovery.

**TWENTY-THIRD DEFENSE**

Plaintiff and the putative Class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff and the putative Class failed to comply with that duty and are

therefore barred from recovering any damages which might reasonably have been avoided.

**TWENTY-FOURTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff's and the putative class members' claims against the Underwriter Defendants are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrines.

**TWENTY-FIFTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiff's and the putative Class members' claims against the Underwriter Defendants are barred in whole or in part because of inequitable conduct and unclean hands.

**TWENTY-SIXTH DEFENSE**

Plaintiff is not entitled to any recovery from the Underwriter Defendants because one or more members of the putative plaintiff Class ratified the alleged wrongful acts and omissions alleged in the Complaint.

**TWENTY-SEVENTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that they are not liable for damages in excess of the total price at which the specific Offered Securities underwritten and distributed by each Underwriter Defendant were offered for sale.

**TWENTY-EIGHTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that the Underwriter Defendants are entitled to recover contribution and/or indemnification from others for any liability they incur.

**TWENTY-NINTH DEFENSE**

The Underwriter Defendants are informed and believe, and on that basis allege, that this case should not be certified as a class action because the Class as alleged by Plaintiff does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**THIRTIETH DEFENSE**

The Underwriter Defendants adopt and incorporate by reference herein any applicable affirmative or other defenses asserted or to be asserted by any of the other defendants to the Action to the extent that the Underwriter Defendants may share in such a defense.

**THIRTY-FIRST DEFENSE**

The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

Dated: Nashville, TN
July 12, 2013

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

By: /s/ Matthew J. Sweeney
Matthew J. Sweeney

John S. Hicks
Caldwell Collins
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, TN 37201
T: (615) 726-5774
F: (615) 744-5774
msweeney@bakerdonelson.com
jhicks@bakerdonelson.com
cacollins@bakerdonelson.com

-and-

DAVIS POLK & WARDWELL LLP
Lawrence Portnoy (*pro hac vice*)
Edmund Polubinski III (*pro hac vice*)
Emmet P. Ong (*pro hac vice*)
Joshua Dugan (*pro hac vice*)
450 Lexington Avenue
New York, New York 10017
T: (212) 450-4000
F: (212) 701-5800

lawrence.portnoy@davispolk.com
edmund.polubinski@davispolk.com
emmet.ong@davispolk.com
joshua.dugan@davispolk.com

*Attorneys for Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Morgan Stanley & Co., LLC (formerly known*

*as Morgan Stanley & Co. Incorporated), Wells Fargo Securities, LLC, Avondale Partners, LLC, CRT Capital Group LLC, Caris & Company, Inc., CastleOak Securities, L.P., Cowen and Company, LLC, Credit Agricole Securities (USA) Inc., Gleacher & Company Securities, Inc., Lazard Capital Markets LLC, Leerink Swann LLC, Loop Capital Markets L.L.C., Mizuho Securities USA Inc., Morgan Keegan & Company, Inc., Muriel Siebert & Co., Inc., Oppenheimer & Co. Inc., RBC Capital Markets, LLC, RBS Securities Inc., Raymond James & Associates, Inc., Robert W. Baird & Co. Incorporated, SMBC Nikko Capital Markets Limited, Samuel A. Ramirez & Company, Inc., Sanford C. Bernstein & Co., LLC, SunTrust Robinson Humphrey, Inc., Susquehanna Financial Group, LLLP, The Williams Capital Group, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following Filing Users through the Electronic Filing System:

George E. Barrett
Douglas E. Johnston, Jr.
Timothy L. Miles
BARRETT JOHNSTON, LLC
217 Second Avenue, North
Nashville, TN 37201-1601
gbarrett@barrettjohnston.com
djohnston@barrettjohnston.com
tmiles@barrettjohnston.com

Darren J. Robbins
David C. Walton
Catherine J. Kowalewski
Scott H. Saham
James I. Jaconette
Robert K. Lu
Robert R. Henssler, Jr.
Debra J. Wyman
Francis A. DiGiacco
ROBBINS GELLER RUDMAN & DOWD, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
darrenr@rgrdlaw.com
davew@rgrdlaw.com
katek@rgrdlaw.com

Francis A. Bottini
CHAPIN FITZGERALD SULLIVAN & BOTTINI, LLP
550 West C. Street, Suite 2000
San Diego, CA 92101
fbottini@cfsblaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

D. Seamus Kaskela
David M. Promisloff
Adrienne O. Bell
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
skaskela@ktmc.com
dpromisloff@ktmc.com
abell@ktmc.com

Steven A. Riley
Milton S. McGee, III
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
sriley@rwjplc.com
tmcgee@rwjplc.com

Everett C. Johnson , Jr.
J. Christian Word
Michele E. Rose
Latham & Watkins
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
everett.johnson@lw.com
christian.word@lw.com
michele.rose@lw.com

on this 12th day of July, 2013.

s/ Matthew J. Sweeney