IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KARSTEN SCHUH, individually and on behalf of all others similarly situated<br><br>v.<br><br>HCA HOLDINGS, INC.; RICHARD M. BRACKEN; R. MILTON JOHNSON; CHRISTOPHER J. BIROSAK; JOHN P. CONNAUGHTON; JAMES D. FORBES; KENNETH W. FREEMAN; THOMAS F. FRIST, III; WILLIAM R. FRIST; CHRISTOPHER R. GORDON; MICHAEL W. MICHELSON; JAMES C. MOMTAZEE; STEPHEN G. PAGLIUCA; NATHAN C. THORNE; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED; CITIGROUP GLOBAL MARKETS INC.; J.P. MORGAN SECURITIES LLC; BARCLAYS CAPITAL INC.; CREDIT SUISSE SECURITIES (USA) LLC; DEUTSCHE BANK SECURITIES INC.; GOLDMAN SACHS & CO.; MORGAN STANLEY & CO. INCORPORATED; and WELLS FARGO SECURITIES, LLC | No. 3-11-1033<br><br>Consolidated with Nos. 3-11-1098 and 3-11-1170 |

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' proposed stipulation and protective order (Docket Entry No. 140).

To the extent that ¶ 12 of the contemporaneously entered order provides that the parties shall file any confidential discovery material under seal without court approval, the parties are referred to § 5.07 of the Administrative Practices and Procedures for Electronic Case Filing (ECF), Administrative Order No. 167 entered April 18, 2005, which requires that any party seeking to make a filing under seal must make the filing under seal accompanied by a motion to file under seal. The filing will be kept under seal until a ruling on the motion to seal.

While the Court is willing to enter a protective order preventing disclosure of information during discovery, there is a heightened standard if a party wants to file material otherwise covered by the protective order under seal. The fact that information is subject to a protective order is not sufficient justification, in and of itself, to make a filing under seal. Rather, the filing party must show that filing under seal is proper under Rule 26(c) of the Federal Rules of Civil Procedure. See also Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219 (6th Cir. 1996); and Brown & Williamson Tobacco Corp. v. Federal Trade Comm'n, 710 F.2d 1165 (6th Cir. 1983). Specifically, the filing party must "provide an adequate and specific explanation as to why the [filing] should be sealed and apprise the court of the specific harm that will occur if the [filing] is not sealed." United States v. Woods, No. 12-6307 (6th Cir. Apr. 26, 2013); Elliott Co. v. Liberty Mut. Ins. Co., 2009 WL 750780, *10 (6th Cir. Mar. 23, 2009) ("strong presumption in favor of public access to judicial proceedings," citing EEOC v. National Children's Ctr., Inc., 98 F.3d 1406, 1409 (5th Cir. 1996)).

To the extent that this order conflicts with the contemporaneously entered order, this order shall control.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge