UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| KARSTEN SCHUH, Individually and on Behalf of All Others Similarly Situated, | ) Civil Action No. 3:11-cv-01033<br>) **(Consolidated)** |
| Plaintiff, | ) Judge Kevin H. Sharp |
| vs. | ) Magistrate Judge Juliet E. Griffin |
| HCA HOLDINGS, INC., et al., | ) <u>CLASS ACTION</u> |
| Defendants. | ) STIPULATION AND<br>) PROTECTIVE ORDER |

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and good cause having been shown, IT IS STIPULATED AND AGREED THAT:

1. This Stipulation and [Proposed] Protective Order ("Protective Order") governs the treatment of all documents, electronically stored information, testimony, tangible materials, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively "Discovery Material") produced by any party or non-party (each, a "Producing Party") in the above-captioned matter ( collectively with any appeals, the "Action").

2. Any Producing Party may designate as confidential any Discovery Material that it believes in good faith contains legally protectable or otherwise personal, proprietary, or financial information that is confidential, confidential trade secrets, non-public research, development, commercial, or competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the Producing Party, be detrimental to the conduct of its business, the business of any of its customers or clients, or its economic interests, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order. Any Discovery Material that may contain "protected health information" as defined in 45 C.F.R. §§160.103 and 164.501, which includes but is not limited to health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to any individual, which identifies the individual or which reasonably could be expected to identify the individual, shall also be considered Confidential Discovery Material subject to this Protective Order.

3. Confidential Discovery Material shall be designated as such by the Producing Party in one or more of the following ways: (a) information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the word "CONFIDENTIAL" in the answer or response; (b) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to opposing counsel, describing the document or part thereof either specifically or by category; or (c) information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition, or sending written notice within thirty (30) days of receiving the final version of the transcript of the deposition or testimony, that specific information or testimony constitutes Confidential Discovery Material. Any such designation shall subject the Confidential Discovery Material to this Protective Order without any further act on the part of the Producing Party. For deposition testimony or other testimony, prior to the expiration of the thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all testimony shall be treated as Confidential Discovery Material. In the case of electronically stored information produced in native format, the Producing Party shall include the word "CONFIDENTIAL" in the file or directory name, in a metadata field of a database load file, or by affixing the legend "CONFIDENTIAL" to the media containing the Confidential Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD).

4. The party to which Confidential Discovery Material is produced (the "Receiving Party") shall treat such Confidential Discovery Material as strictly confidential. Confidential Discovery Material shall be used solely for the purpose of this Action, and not in any other litigation, and not for any business or other purpose whatsoever. Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential

Discovery Material in any way it sees fit or to so use or discuss that material for any reason. Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order.

5. Confidential Discovery Material may be disclosed or made available without written consent from the Producing Party *only* to the following persons:

(a) The parties to this Action, including Lead Plaintiff and Class Representatives;

(b) Counsel of record for the respective parties to this Action, who have executed this agreement, including attorneys consulting with or advising any party to the above-captioned litigation, in-house attorneys, paraprofessionals, employees, and agents of such law firms;

(c) Experts or consultants retained to assist counsel for the parties, *provided that* any such experts or consultants execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A (the "Undertaking") prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s), and further provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

(d) Employees, officers, and directors of each party to the extent that such person(s) are assisting in the prosecution or defense of this Action;

(e) Any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, and at any deposition, hearing or trial, if advised by counsel disclosing the Confidential Discovery Materials to such witnesses of the obligations herein;

(f) The author or recipient of the document(s);

853900_3

(g) Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

(h) Outside vendors retained by or for the parties to assist in pretrial discovery, trial, and/or hearings in the Action, including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, if advised by counsel disclosing the Confidential Discovery Materials to such outside vendors of the obligations herein, and further provided that any report created by such outside vendor relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

(i) The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper; and

(j) Any person or entity who counsel for the parties agree, after conferring in good faith, should have access to such materials or who, upon motion with good cause shown, the Court orders may have access, as long as such person or entity agrees to be bound by the terms of this Order by executing the Undertaking.

6. Counsel of record shall retain throughout this Action the Undertakings executed by any person or entity receiving Confidential Discovery Material, and shall then exchange them upon request at the conclusion of this Action (meaning final judgment and exhaustion of all appeals or final settlement of all claims). If any party has good cause to believe that another party has improperly disclosed Confidential Discovery Material, it may move for an order allowing it to inspect the Undertakings before the conclusion of this Action.

7. Absent agreement of the parties, Confidential Discovery Material shall be used only for the prosecution or defense of this Action (including any appeals), and may be disclosed only

under the circumstances and to the persons or entities specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Discovery Material.

8.  In the event any Receiving Party having possession, custody or control of any Confidential Discovery Material receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any Confidential Discovery Material, but excluding requests made in connection with an inquiry by a governmental or regulatory authority (a "Third-Party Request"), the Receiving Party shall to the extent permissible by applicable law and the rules and requirements of any relevant governmental or regulatory authority promptly, and, in any event, within five (5) business days of receipt of the Third-Party Request, give written notice to counsel for the Producing Party. The Producing Party shall have the burden of objecting to the Third-Party Request. The Receiving Party receiving the Third-Party Request shall be entitled to comply with it except to the extent that the Producing Party is successful in obtaining an order modifying or quashing the Third-Party Request; provided, however, that the Receiving Party receiving the Third-Party Request shall await the later of ten (10) business days after notice of the request to the Producing Party or the disposition of any motion to quash or motion for a protective order filed by the Producing Party within such ten (10) business day period before producing any Confidential Discovery Material in response to the Third-Party Request, to the extent that doing so does not expose such Receiving Party to sanctions, an order of contempt or the like. Nothing in this Order shall require any Receiving Party to disregard or violate any order or direction of any governmental or regulatory authority.

9.  The inadvertent failure to mark a document or testimony, or a portion thereof, with the "CONFIDENTIAL" designation in no way alters or waives the protected and confidential nature

- 5 -

853900_3

of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party notifies the Receiving Party, in writing, within a reasonable time after becoming aware that the confidential material was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential Discovery Material and shall promptly provide a replacement copy of such material with the appropriate "CONFIDENTIAL" designation thereupon. Such Confidential Discovery Material shall be subject to this Protective Order as if it had been initially so designated. Treatment of inadvertently produced confidential material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order. If, prior to receiving such notice, the Receiving Party has disclosed the Confidential Discovery Material to persons or entities not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Discovery Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Discovery Material.

10. Pursuant to Federal Rule of Evidence 502(d), the disclosure of any Discovery Material in this Action shall be without prejudice to any claim by a Producing Party that such material is subject to the attorney-client privilege, the work product doctrine and any other applicable privilege for withholding production. Such disclosure shall not constitute or be deemed a waiver of any claim of attorney-client privilege, the work product doctrine, or any other privilege, immunity, or protection that the Producing Party would otherwise be entitled to assert with respect to the Discovery Material and its subject matter. Any applicable privileges or protections shall only be waived on express written approval by the person or entity holding the privilege. The non-waiver of such privileges or protections shall apply to the Action, as well as any other federal or state proceeding.

(a) If a Producing Party informs the Receiving Party in writing that the Producing Party has disclosed privileged or otherwise protected Discovery Material, Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply. The Receiving Party shall not use such Discovery Material for any purpose until further order of the Court. The Receiving Party shall have 21 days to (i) return the Discovery Material and all copies thereof to the Producing Party or certify in writing to the Producing Party that it has destroyed all records and copies of such Discovery Material; or (ii) notify the Producing Party in writing of an objection to the claim of privilege or protection, along with the grounds for the objection, and/or an assertion that any privilege or protection has been waived. The parties shall meet and confer concerning the Receiving Party's objection within a reasonable time after the Producing Party receives written notice of such objection;

(b) After it reasonably appears that good faith efforts to resolve the dispute through the meet and confer process have failed, either party may move for an order on the status of the Discovery Material. Parties must provide notice to the opposing party and move for an order no later than 21 days after providing such notice. Nothing in this Protective Order shall alter or waive the standards and burden applicable to any motion concerning the privilege or protection asserted, or any waiver thereof. During the pendency of such a motion, each Receiving Party may retain the Discovery Material and all copies thereof, but shall make no further use of it other than is necessary in connection with the proceedings on the motion. Any copy of such Discovery Material submitted to the Court in connection with the motion shall be filed under seal, redacted, or submitted for *in camera review* in accordance with the terms of this Protective Order;

(c) If the Receiving Party takes no action within 21 days of the notification of disclosed privileged or otherwise protected Discovery Material, the Receiving Party shall be deemed to have waived any objection to the claim of privilege or other protection; and

853900_3

(d) Upon a determination by the Court that the Discovery Material is privileged, protected work product, or otherwise protected from disclosure, the Receiving Party shall promptly return the original and all copies of such Discovery Material to the Producing Party, or certify in writing to the Producing Party that it has destroyed all records and copies of such Discovery Material.

11. Absent agreement of the parties, any log prepared by a Producing Party of those documents that it has withheld or redacted on grounds of attorney-client privilege, the work product doctrine, or some other applicable privilege, immunity, or protection shall be done so in accordance with the Federal Rules of Civil Procedure or other applicable authority. Without waiving any rights otherwise available to them, the parties agree with respect to any such logs, the Producing Party shall have no obligation to log documents or information generated after the time the Action was commenced.

12. In the event that any Confidential Discovery Material is used in any Court proceeding in this Action or any appeal therefrom, such Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Before filing or using any Confidential Discovery Material in connection with any substantive or discovery motion or court proceeding, counsel shall meet and confer on such procedures that are necessary to protect the confidentiality of any documents, information and transcripts. Any copy of Confidential Discovery Material submitted to the Court in connection with a motion or court proceeding shall be filed under seal, redacted, or protected from public disclosure by another procedure agreed upon by the parties. If the parties are unable to agree on a procedure, counsel for the Receiving Party seeking to use Confidential Discovery Material in connection with or in support of any motion or court proceeding shall advise counsel for the Producing Party seven (7) business days in advance of the filing to give the Producing Party the opportunity to move the Court for leave to file the Confidential Discovery

Material under seal (or to seek substantially similar protection in the manner provided for by the applicable local rules). Nothing in this Protective Order shall affect the right of any party to oppose motions to seal or to seek greater protection than that provided for herein for any information.

13. Subject to the procedure outlined in Paragraph 12 above, Confidential Discovery Material may be offered into evidence at trial or at any court hearing in open court. The Producing Party may apply for an order that evidence be received *in camera* or under other less public circumstances to prevent unnecessary disclosure.

14. This Protective Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Protective Order imply that Discovery Material designated as confidential under the terms of this Protective Order is properly discoverable, relevant or admissible in this Action or in any other litigation. Discovery Material produced in this Action can only be used in conjunction with this Action, including any appeals. Nothing in this Protective Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection.

15. If a party objects to another party's designation of information as "CONFIDENTIAL," it shall advise the Producing Party in writing of the reasons for the objection, and the parties shall meet and confer in a good faith effort to resolve the objection. If the parties are unable to reach an agreement as to the disputed designation, the objecting party may invoke the Court rules and procedures for raising discovery disputes. The information at issue shall be treated as "CONFIDENTIAL" until the Court rules on any such motion, including for purposes of Paragraph 12 above (setting forth procedures for using Confidential Discovery Material in connection with discovery motions). For good cause shown, the objecting party may ask the Court to shorten the time periods allowed by this paragraph.

- 9 -

853900_3

16. Each document, testimony, material, or other thing, or portion thereof designated as "CONFIDENTIAL" shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the Producing Party agrees to the contrary or the Court renders a decision that a particular document, testimony, material, or other thing, or portion thereof is not "CONFIDENTIAL" as defined under this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

17. The recipient of any Confidential Discovery Material shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own confidential material. Confidential Discovery Material shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summaries, extraction or abstraction is reasonably necessary for the conduct of the Action. All such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Protective Order and labeled in the same manner as the designated material on which they are based.

18. Within thirty (30) days of the conclusion of this Action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), all parties in receipt of Confidential Discovery Materials shall use commercially reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Confidential Material and certify that fact. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of Confidential Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential

853900_3

Material, but such retained information shall continue to be treated in accordance with the Order. Counsel of record shall also be permitted to keep a copy of Confidential Discovery Material to the extent that it is incorporated into any pleadings, motions or other attorney work product. In that case, counsel of record shall continue to treat the Confidential Discovery Material in accordance with this Protective Order. Upon request, counsel of record shall certify in writing that they have complied with this paragraph.

19. Upon execution by the parties, this Protective Order shall become effective among such parties who have executed this agreement immediately upon such execution, whether or not it has yet been approved by the Court.

20. Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

21. This Protective Order shall be binding on any future party to this Action.

22. Any non-party may agree to be subject to and governed by the terms of this Protective Order.

23. This Protective Order shall continue in force after the completion of this Action.

24. In entering into this Protective Order, the parties preserve all rights and objections they may have to the use in this Action of Confidential Discovery Material, including, but not limited to, the rights of any party to object to the admissibility of any materials into evidence at the trial of this Action.

25. This Court shall retain jurisdiction over all persons and entities subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

26. This Protective Order may be changed only by agreement of the parties or by an order of this Court, and is entered into without prejudice to the right of any party or non-party to seek relief from, or modification of, this Protective Order or any provisions thereof by motion to the Court on notice to the other parties hereto.

This stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

DATED: August 5, 2013

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
JAMES I. JACONETTE
SCOTT H. SAHAM
DEBRA J. WYMAN
ROBERT R. HENSSLER JR.
ROBERT K. LU
FRANCIS A. DIGIACCO


        s/ Scott H. Saham
        SCOTT H. SAHAM

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jamesj@rgrdlaw.com
scotts@rgrdlaw.com
debraw@rgrdlaw.com
bhenssler@rgrdlaw.com
rlu@rgrdlaw.com
fdigiacco@rgrdlaw.com

Lead Counsel for Plaintiffs

BARRETT JOHNSTON, LLC
GEORGE E. BARRETT, #2672
DOUGLAS S. JOHNSTON, JR., #5782
TIMOTHY L. MILES, #21605
217 Second Avenue, North
Nashville, TN 37201-1601
Telephone: 615/244-2202
615/252-3798 (fax)
gbarrett@barrettjohnston.com
djohnston@barrettjohnston.com
tmiles@barrettjohnston.com

Liaison Counsel

DATED: August 5, 2013

LATHAM & WATKINS, LLP
EVERETT C. JOHNSON, JR.
MICHELE E. ROSE
J. CHRISTIAN WORD


             s/ J. Christian Word
_____
             J. CHRISTIAN WORD

555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Telephone: 202/637-2200
202/637-2201 (fax)
Everett.johnson@lw.com
Michele.rose@lw.com
Christian.word@lw.com

RILEY WARNOCK & JACOBSON, PLC
STEVEN A. RILEY
JAMES N. BOWEN
MILTON S. MCGEE, III
1906 West End Avenue
Nashville, Tennessee 37203
Telephone: 615/320-3700
615/320-3737 (fax)
sriley@rwjplc.com
jimbowen@rwjplc.com
tmcgee@rwjplc.com

|  |  |
|---|---|
|  | Attorneys for Defendants HCA Holdings, Inc., Hercules Holding II, LLC, Richard M. Bracken, R. Milton Johnson, Christopher J. Birosak, John P. Connaughton, James D. Forbes, Kenneth W. Freeman, Thomas F. Frist, III, William R. Frist, Christopher R. Gordon, Michael W. Michelson, James C. Momtazee, Stephen G. Pagliuca and Nathan C. Thorne |
| DATED: August 5, 2013 | BAKER DONELSON BEARMAN  CALDWELL & BERKOWITZ, PC<br>MATTHEW SWEENEY<br>JOHN S. HICKS<br>CALDWELL COLLINS |

_____s/ Matthew Sweeney_____
MATTHEW SWEENEY

Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: 615/726-5600
615/726-0464 (fax)

msweeney@bakerdonelson.com
jhicks@bakerdonelson.com
cacollins@bakerdonelson.com

-and-

DAVIS POLK & WARDWELL LLP
LAWRENCE PORTNOY (*pro hac vice*)
EDMUND POLUBINSKI III (*pro hac vice*)
EMMET P. ONG (*pro hac vice*)
JOSHUA DUGAN (*pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone: 212/450-4000
212/701-5800 (fax)

lawrence.portnoy@davispolk.com
edmund.polubinski@davispolk.com
emmet.ong@davispolk.com
joshua.dugan@davispolk.com

- 14 -

853900_3

Attorneys for Defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Citigroup Global Markets Inc., J.P. Morgan Securities LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Morgan Stanley & Co. Incorporated, Wells Fargo Securities, LLC, Avondale Partners, LLC, CRT Capital Group LLC, Caris & Company Inc., CastleOak Securities, L.P., Cowen and Company, LLC, Credit Agricole Securities (USA) Inc., Gleacher & Company Securities, Inc., Lazard Capital Markets LLC, Leerink Swann LLC, Loop Capital Markets LLC, Mizuho Securities USA Inc., Morgan Keegan & Company, Inc., Muriel Siebert & Co., Inc., Oppenheimer & Co. Inc., RBC Capital Markets, LLC, RBS Securities Inc., Raymond James & Associates, Inc., Robert W. Baird & Co. Incorporated, SMBC Nikko Capital Markets Limited, Samuel A. Ramirez & Company, Inc., Sanford C. Bernstein & Co., LLC, SunTrust Robinson Humphrey, Inc., Susquehanna Financial Group, LLLP, The Williams Capital Group, L.P.

\* \* \*

## ORDER

IT IS SO ORDERED.

DATED: Augsut 8, 2013

THE HONORABLE JULIET E. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

853900_3

# APPENDIX A

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| KARSTEN SCHUH, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Civil Action No. 3:11-cv-01033 **(Consolidated)** |
| Plaintiff, ) ) | Judge Kevin H. Sharp |
| vs. ) ) | Magistrate Judge Juliet E. Griffin |
| HCA HOLDINGS, INC., et al., ) ) | <u>CLASS ACTION</u> |
| Defendants. ) ) ) | |

## UNDERTAKING

The undersigned hereby certified that he/she has received a copy of the Stipulated Protective Order (the "Protective Order") in the above-captioned case, that he/she has read the Protective Order, that he/she understands its terms and agrees to be bound by all of the provisions thereof, and that he/she agrees to submit to the jurisdiction of the United States District Court for the Middle District of Tennessee, for the enforcement thereof, even if such enforcement proceedings occur after termination of this Action. He/she understands that violation of the Protective Order is punishable by contempt of court.

Dated:_____

Name:_____

Title: _____

Signed:_____

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2013, I served the foregoing STIPULATION AND [PROPOSED] PROTECTIVE ORDER via the Court's Electronic Filing System on the following:

**Counsel for Defendants:**

Milton S. McGee, III
Steven A. Riley
RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
615/320-3700
615/320-3737 (Fax)
tmcgee@rwjplc.com
sriley@rwjplc.com

Matthew Sweeney
John S. Hicks
Caldwell G. Collins
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 800
Nashville, TN 37201
615/726-5600
615/726-0464 (Fax)
msweeney@bakerdonelson.com
jhicks@bakerdonelson.com
cacollins@bakerdonelson.com

Everett Johnson
Michele E. Rose
J. Christian Word
LATHAM & WATKINS, LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
202/637-1008
202/637-2201 (Fax)
everett.johnson@lw.com
michele.rose@lw.com
christian.word@lw.com

Lawrence Portnoy
Edmund Polubinski, III
Lesley Bark
Emmet P. Ong
Joshua Dugan
DAVIS POLK & WARDWELL, LLP
450 Lexington Avenue
New York, NY 10017
212/450-4000
212/701-5800 (Fax)
lawrence.portnoy@davispolk.com
edmund.polubinski@davispolk.com
lesley.bark@davispolk.com
emmet.ong@davispolk.com
joshua.dugan@davispolk.com

**Counsel for Plaintiffs:**

George E. Barrett
Douglas S. Johnston, Jr.
Timothy L. Miles
Barrett Johnston, LLC
217 Second Avenue North
Nashville, TN 37201
615/244-2202
615/252-3798 (Fax)
gbarrett@barrettjohnston.com
djohnston@barrettjohnston.com
tmiles@barrettjohnston.com

Francis A. Bottini, Jr.
Bottini & Bottini, Inc.
7817 Ivanhoe Avenue
Suite 102
La Jolla, CA 92037
858/914-2001
858/914-2002 (Fax)
fbottini@bottinilaw.com

Darren J. Robbins
James J. Jaconette
Debra J. Wyman
Scott H. Saham
Robert R. Henssler Jr.
Robert K. Lu
Francis A. DiGiacco
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
619/231-1058
619/231-7423 (Fax)
darrenr@rgrdlaw.com
jamesj@rgrdlaw.com
dwyman@rgrdlaw.com
scotts@rgrdlaw.com
bhenssler@rgrdlaw.com
rlu@rgrdlaw.com
fdigiacco@rgrdlaw.com

Paul Kent Bramlett
Robert Preston Bramlett
Bramlett Law Offices
2400 Crestmore Road
P.O. Box 150734
Nashville, TN 37215
615/248-2828
615/254-4116 (Fax)
pknashlaw@aol.com
robert@bramlettlawoffices.com

D. Seamus Kaskela
David M. Promisloff
Adrienne O. Bell
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
610/667-7706
610/667-7056 (Fax)
skaskela@ktmc.com
dmp@weiserlawfirm.com
abell@ktmc.com

 

                                                                 s/ Scott H. Saham
                                                                   SCOTT H. SAHAM