No. 14-0511

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 26, 2015
DEBORAH S. HUNT, Clerk

In re: HCA HOLDINGS, INC., et al., )
)
Petitioners. )

O R D E R

Before: KEITH, GILMAN, and GRIFFIN, Circuit Judges.

In these consolidated securities actions, the district court certified a class of persons who acquired the common stock of HCA Holdings, Inc. during its 2011 initial public offering pursuant to a registration statement and prospectus that allegedly contained misrepresentations, in violation of Sections 11, 12, and 15 of the Securities Act of 1933. The Defendants petition for permission to appeal the grant of class certification under Federal Rule of Civil Procedure 23(f). The Plaintiffs oppose the petition.

We may, in our discretion, permit an appeal from an order certifying a class action. Fed. R. Civ. P. 23(f). This "unfettered" discretion is akin to the discretion of the Supreme Court in considering whether to grant *certiorari*; thus, we may consider any relevant factor we find persuasive. *See* Fed. R. Civ. P. 23, advisory committee's note (1998); *In re Delta Air Lines*, 310 F.3d 953, 957 (6th Cir. 2002). There is no definitive test for granting permission to appeal, but interlocutory appeals are not routinely accepted. *Id*. at 959. Factors we may consider include (1) whether the petitioner is likely to succeed on appeal under the deferential abuse-of-discretion standard; (2) whether the cost of continuing the litigation for either party presents such a barrier that subsequent review is hampered; (3) whether the case presents a novel or unsettled question of law; and (4) the procedural posture of the case before the district court. *Id*. at 960.

This case does not present any novel issues that compel our review, and the Defendants have not established that the district court abused its discretion in certifying a class action. A district court has substantial discretion in determining whether it will certify a class. *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 351 (6th Cir. 2011). Therefore, "[t]he district court's decision certifying the class is subject to a very limited review and will be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion." *Id.* (quoting *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 559−60 (6th Cir. 2007)). The novelty of a claim "weigh[s] more heavily in favor of review when the question is of relevance not only in the litigation before the court, but also to class litigation in general." *In re Delta Air Lines,* 310 F.3d at 960.

The Defendants assert that the court should "reaffirm that a class action plaintiff bears the burden of proving the predominance of common questions." But the district court correctly set forth the Rule 23 requirements, acknowledged that it must rigorously analyze whether those requirements were met, and then proceeded to rigorously analyze whether the elements were met.

Second, the Defendants assert that we should grant review to clarify who retains the burden of proving predominance when individualized issues arise from an affirmative defense, rather than the elements of a plaintiff's claim. In this court, "[t]o meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 544 (6th Cir. 2012) (citation omitted) (internal quotation marks omitted). "'[T]he fact that a defense may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones.'" *Id.* (quoting *Beattie*, 511 F.3d at 564). The Fourth Circuit has considered who has the burden in such cases and has expressly held that the plaintiff retains the burden. *Thorn v.*

*Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006). The Fifth Circuit has suggested as much. *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 329 (5th Cir. 2008). Some district courts, however, have put the burden on the defendant. *In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133, 152 (N.D. Tex. 2014); *see In re IndyMac Mortgage-Backed Sec. Litig.*, 286 F.R.D. 226, 238 (S.D.N.Y. 2012).

Here, the district court applied our precedent that an affirmative defense, standing alone, does not compel a finding that common liability issues do not predominate. It then considered the evidence presented by the parties regarding investor knowledge and concluded that the Defendants failed to present sufficient evidence that its affirmative defense of investor knowledge defeated predominance on the common liability issues. The district court acknowledged that the Defendants established that there was some information publicly available that, if known by investors, would preclude relief on the Plaintiffs' claims. But the district court found that the Defendants failed to show that any investor actually had knowledge of this information. The district court noted the Plaintiffs' evidence that certain sophisticated investors did not have knowledge of the information and found that the Defendants' speculation that other investors could have known this information could not, standing alone, defeat predominance. Thus, viewed in its totality, the Plaintiffs met their burden of showing that investor knowledge did not defeat predominance of the common liability issues.

In their third ground for review, the Defendants raise a related issue: What standard of proof should govern the investor-knowledge defense at class certification? As recognized by the district court in *IndyMac*, the Second Circuit granted permission to appeal in a case raising this issue, having recognized that "there is some ambiguity in the law regarding the standard for determining whether the predominance requirement has been met in a Securities Act class action due to individualized knowledge defenses." 286 F.R.D. at 240 n.109 (discussing whether the standard required a showing that it was likely that certain class members had knowledge or

whether there were in fact certain plaintiffs who had such knowledge). But the *IndyMac* court declined to address the issue, finding that under either standard, it was "convinced that defendants in this case have not demonstrated adequately that any asserted knowledge or notice defense is sufficient to defeat a finding of predominance." *Id.* The same is true here, given that the Plaintiffs presented evidence that a sophisticated investor did not have knowledge of the available information and the Defendants' counter evidence was based solely on speculation that other investors did have the requisite knowledge.

Finally, the Defendants assert that review is necessary to clarify that the investor-knowledge defense cannot be resolved on a classwide basis as a matter of law. In seeking review of this issue, the Defendants note that (1) some district courts have held that an investor-knowledge defense premised on publicly available information does not present an individualized issue; and (2) the district court's decision appears to rest on this premise in part. But because the district court did not cite this law for the proposition that investor knowledge is not an individualized inquiry, the issue is not squarely presented in this case and we need not consider it.

The Defendants did not address the death-knell factor in their petition, and the procedural posture of this case also does not support immediate review. District courts have a "continuing obligation to ensure that the class certification requirements are met" and the "ability to alter or amend the certification order as circumstances change." *Randleman*, 646 F.3d at 352. The district court acknowledged that investor knowledge also played a role in the materiality and the disclosure of the information. Further discovery related to these issues might change the landscape and require the district court to revisit its certification decision. The Defendants are not barred from submitting this evidence in their dispositive motions or at trial simply because the limited discovery record thus far does not show that investor knowledge defeats predominance of the common liability issues.

The petition for permission to appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: February 26, 2015

Mr. Joseph David Daley
Robbins, Geller, Rudman & Dowd
655 W. Broadway
Suite 1900
San Diego, CA 92101

Francis A. DiGiacco
Robbins, Geller, Rudman & Dowd
655 W. Broadway
Suite 1900
San Diego, CA 92101

Mr. Jonathan Y. Ellis
Latham & Watkins
555 Eleventh Street, N.W.
Suite 1000
Washington, DC 20004

Everett C. Johnson Jr.
Latham & Watkins
555 Eleventh Street, N.W.
Suite 1000
Washington, DC 20004

Mr. Milton S. McGee III
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN 37203

Mr. Emmet Patrick Ong
Davis, Polk & Wardwell

450 Lexington Avenue
30th Floor
New York, NY 10017

Mr. Edmund Polubinski III
Davis, Polk & Wardwell
450 Lexington Avenue
30th Floor
New York, NY 10017

Mr. Lawrence J. Portnoy
Davis, Polk & Wardwell
450 Lexington Avenue
30th Floor
New York, NY 10017

Mr. Steven A. Riley
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN 37203

Mr. Scott H Saham
Robbins, Geller, Rudman & Dowd
655 W. Broadway
Suite 1900
San Diego, CA 92101

Ms. Melissa Arbus Sherry
Latham & Watkins
555 Eleventh Street, N.W.
Suite 1000
Washington, DC 20004

Mr. Matthew Joseph Sweeney III
Baker Donelson
211 Commerce Street
Suite 800
Nashville, TN 37201

Mr. J. Christian Word
Latham & Watkins
555 Eleventh Street, N.W.
Suite 1000
Washington, DC 20004

Ms. Debra Jean Wyman

Robbins, Geller, Rudman & Dowd
655 W. Broadway
Suite 1900
San Diego, CA 92101

Re: Case No. 14-511, *In re: In Re; HCA Holdings, Inc.*
Originating Case No. : 3:11-cv-01033

Dear Counsel,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Michelle M. Davis
Case Manager
Direct Dial No. 513-564-7025

cc: Mr. Keith Throckmorton

Enclosure

No mandate to issue