UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| KARSTEN SCHUH, Individually and on Behalf of All Others Similarly Situated, | ) | Civil Action No. 3:11-cv-01033 **(Consolidated)** |
| Plaintiff, | ) | Chief Judge Kevin H. Sharp |
| vs. | ) | Magistrate Judge Barbara D. Holmes |
| HCA HOLDINGS, INC., et al., | ) | CLASS ACTION |
| Defendants. | ) | ORDER AWARDING ATTORNEYS' FEES AND EXPENSES |

This matter having come before the Court on April 11, 2016, on the motion of counsel for the Lead Plaintiff for an award of attorneys' fees and expenses incurred in this action, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated December 18, 2015 (the "Stipulation"). Dkt. No. 534.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3. The Court hereby awards Lead Plaintiff's counsel attorneys' fees of 30% of the Settlement Amount, and litigation expenses in the amount of $2,016,508.52, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees and expenses shall be allocated amongst counsel in a manner which, in Lead Counsel's good faith judgment, reflects each such counsel's contribution to the institution, prosecution and resolution of the Litigation. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method considering, among other things, the following: the highly favorable result achieved for the Class; the contingent nature of Lead Plaintiff's counsel's representation; Lead Plaintiff's counsel's diligent prosecution of the Litigation; the quality of legal services provided by Lead Plaintiff's counsel that produced the Settlement; that the Lead Plaintiff appointed by the Court to represent the Class approved the requested fee; the reaction of the Class to the fee request; and that the awarded fee is in accord with Sixth Circuit authority and consistent with other fee awards in cases of this size.

4. The awarded attorneys' fees and expenses shall be paid to Lead Counsel immediately after the date this Order is executed subject to the terms, conditions and obligations of the Stipulation and in particular ¶6.2 thereof, which terms, conditions and obligations are incorporated herein.

5. Pursuant to 15 U.S.C. §77z-1(a)(4), Lead Plaintiff New England Teamsters & Trucking Industry Pension Fund is awarded $6,081.25 as payment for its time spent in representing the Class.

6. The Court has considered the objection to the fee award filed by Class Members Mathis and Catherine Bishop, and finds it to be without merit. The objection is therefore overruled in its entirety.

IT IS SO ORDERED.

DATED: April 14, 2016

Kevin H. Sharp

THE HONORABLE KEVIN H. SHARP
CHIEF UNITED STATES DISTRICT JUDGE