UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| KARSTEN SCHUH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 3:11-cv-01033 **(Consolidated)** |
| Plaintiff, | ) | Chief Judge Kevin H. Sharp |
| vs. | ) ) | Magistrate Judge Barbara D. Holmes |
| HCA HOLDINGS, INC., et al., | ) ) | CLASS ACTION |
| Defendants. | ) ) ) | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated January 13, 2016, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated December 18, 2015 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice ("Order and Final Judgment" or "Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all members of the Class.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement set forth in the Stipulation is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

5. Accordingly, the Court authorizes and directs implementation of the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses with prejudice the Litigation and all claims contained therein and all of the Released

Claims as against the Released Persons, except as and to the extent provided in the Stipulation and herein.

6.　Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiff and each of the Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever remised, released, relinquished, and discharged any and all Released Claims (including, without limitation, Unknown Claims) against the Released Persons (regardless of whether such Class Member executes and delivers the Proof of Claim and Release), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims against the Released Persons, Lead Plaintiff and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement.

7.　Upon the Effective Date hereof, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, other than those listed on Exhibit A hereto, and Plaintiffs' Counsel from the Settled Defendants' Released Claims (including, without limitation, Unknown Claims) except for claims relating to the enforcement of the Settlement.

8.　Upon the Effective Date hereof, Lead Plaintiff and each of the Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each

- 2 -

of them, in their capacity as such, shall be deemed to be, and by operation of this Judgment shall be, permanently barred and enjoined from asserting, instituting, maintaining, prosecuting, or enforcing, in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind (whether within the United States or not), any and all Released Claims (including, without limitation, Unknown Claims against any of the Released Persons, regardless of whether such Class Member executes and delivers the Proof of Claim and Release form), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims against the Released Persons, Lead Plaintiff and/or Plaintiffs' Counsel, except for claims relating to the enforcement of the Settlement.

9.     Any and all claims for contribution arising out of any Released Claim (i) by any person or entity against any of the Released Persons, and (ii) by any of the Released Persons against any person or entity are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable to the extent allowed by the Securities Act of 1933, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and/or applicable common law.  However, nothing in this Order and Final Judgment shall release or alter the contractual rights, if any, (i) between or among the Underwriter Defendants under their applicable agreement among underwriters relating to any offering of securities by HCA, or (ii) between the Underwriter Defendants, on the one hand, and HCA, on the other hand, under any applicable underwriting agreements with respect to any right of indemnification in connection with the payment of the Settlement Amount or incurrence of defense costs, which claims as between the Underwriter Defendants and HCA shall not be barred, released or discharged by this Judgment.

10.     The Notice of Proposed Settlement of Class Action given to the Class in accordance with the Preliminary Approval Order entered on January 13, 2016, was the best notice practicable under the circumstances, including the individual notice to all members of the

- 3 -

Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and the requirements of the PSLRA, and all other applicable law and rules.

11.  Separate orders shall be entered regarding the proposed Plan of Allocation and Lead Counsel's motion for attorneys' fees and expenses as allowed by the Court. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.  Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Persons are or become parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons, Lead Plaintiff, Class Members, and their respective

- 4 -

counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or the Judgment.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and interest in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

- 5 -

17.    The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: April 14, 2016

_____
THE HONORABLE KEVIN H. SHARP
CHIEF UNITED STATES DISTRICT JUDGE

- 6 -