**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KARSTEN SCHUH, Individually and on Behalf of All Others Similarly Situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:11-01033** |
| | ) | **Consolidated Class Action** |
| **HCA HOLDINGS, INC., et al.,** | ) | **Judge Sharp** |
| **Defendants.** | ) | |

**ORDER**

Plaintiff New England Teamsters & Trucking Industry Pension Fund have filed a "Motion for Appeal Bond" (Docket No. 569). That Motion will be granted, but not in the amount requested.

Plaintiff requests that Objectors Mathis and Catherine Bishop be required to post an appeal bond totaling $188,250. That figure purports to represents the "costs associated with the appeal, administrative costs anticipated to be incurred by delaying distribution of the settlement funds to the class, and attorney's fees[.]" (Docket No. 570 at 6). Such a significant amount is appropriate, Plaintiff argues, because (1) the appeal is frivolous since Objectors had no loss from the Class Period purchases of HCA stock; (2) Objectors and their counsel are serial objectors who file frivolous appeals; and (3) there is a risk that Objectors would not pay the considerable costs of an appeal because they live outside the Sixth Circuit.

Rule 7 of the Federal Rules of Appellate Procedure provides that "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Rule 39, in turn, sets for the costs on appeal taxable in the district court:

> (1) the preparation and transmission of the record;
>
> (2) the reporter's transcript, if needed to determine the appeal;
>
> (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
>
> (4) the fee for filing the notice of appeal.

Fed. R. App. P. 39(e). Additionally, Section 1920 of Title 29 sets forth the following fees and items that may be taxed as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.A. § 1920.

For what may be considered traditional costs, Plaintiff puts the figure at $10,000. There is some support for that amount in the case law, as well as double and half that amount. Compare In re Wells Fargo Loan Processor Overtime Pay Litig., 2011 WL 3352460, at *10 (N.D. Cal. Aug. 2, 2011) (imposing $20,000 appeal bond for objector to settlement) with Tennille v. W. Union Fin. Servs., Inc., 774 F. 3d 1249, 1256 (10th Cir. 2014) (reducing $25,000 bond for printing, copying and preparing the appellate record to $5,000). In this case, the lower side appears to be appropriate since

the issue on appeal is limited to the award of attorneys' fees and the appellate record should be relatively short. The Court will include in the bond amount $5,000 for traditional costs.

In addition to the costs set forth in Rule 39(e) and Section 1920, some circuits have held that costs can include attorney's fees. In In re Cardizem CD Antitrust Litig., 391 F.3d 812, 816 (6th Cir. 2004), the Sixth Circuit "adopt[ed] the reasoning of the Second and Eleventh Circuits and appl[ied] Marek [v. Chesny, 473 U.S. 1 (1985)] to its interpretation of 'costs' under Fed. R. App. P. 7." In Marek, costs within the meaning of Rule 68 of the Federal Rules of Civil Procedure were to be defined by reference to the statute underlying the lawsuit:

> [G]iven the importance of "costs" to the Rule, it is very unlikely that th[e] omission [of a definition] was mere oversight; on the contrary, the most reasonable inference is that the term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority.

Marek, 473 U.S. at 9. Thus, attorneys' fees may be included in costs when there exists a fee-shifting provision in the underlying suit. See Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 955 (9th Cir. 2007) (citing In re Cardizem, and stating that "[t]he more recent, majority rule, adopted by the Second, Sixth, and Eleventh Circuits, holds that a district court may order security for appellate attorney's fees in a Rule 7 bond if they would be treated as recoverable costs under an applicable fee-shifting statute"); In re Miller, 325 B.R. 178, 180 (Bankr. W.D. Ky. 2005) (finding that, based on In re Cardizem, "a bond under Rule 7 cannot encompass attorney's fees unless the statutory basis for the underlying action provides for such an award").

The Objectors argue that, unlike In re Cardizem, which involved the Tennessee Consumer Protection Act and its provision that damages can include "reasonable attorney's fees and costs," Tenn. Code Ann. § 47-18-109, "the Securities Act of 1933 does not shift costs and attorney's fees to an unsuccessful Plaintiff." (Docket No. 55). However, Section 77k(d) of the Securities Act

provides that

> In any suit under this or any other section of this subchapter the court may, in its discretion, require an undertaking for the payment of the costs of such suit, including reasonable attorney's fees, and if judgment shall be rendered against a party litigant, upon the motion of the other party litigant, such costs may be assessed in favor of such party litigant (whether or not such undertaking has been required) if the court believes the suit or the defense to have been without merit, in an amount sufficient to reimburse him for the reasonable expenses incurred by him, in connection with such suit, such costs to be taxed in the manner usually provided for taxing of costs in the court in which the suit was heard.

15 U.S.C. § 77k(e). In fact, "each and every statute cited in Marek as including attorneys' fees within the definition of allowable costs features either the words 'as part of the costs' or similar indicia that attorneys' fees are encompassed within costs," and this included a citation to Section 77k(e). Pedraza v. United Guar. Corp., 313 F.3d 1323, 1334 (11th Cir. 2002).

The Court finds that the costs in this case can include reasonable attorney's fees. Plaintiff has submitted a declaration in which it is estimated that the appellate attorneys' fees will run close to $140,000. However, Plaintiff has already spent a great deal of time in this Court arguing that the appeal of attorney's fees from the underlying settlement is frivolous, something which the Court believes is best addressed by the Sixth Circuit. See, Azizian, 499 F.3d at 960("[T]he question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38"). While it is impossible to say with any certainty what the attorneys' fees for appeal will be, given the repeated assertion that the appeal is frivolous for any of a number of reasons and the prospect that the appeal will not run its full course, the Court will reduce the fees portion of the bond to $75,000 to incorporate that possibility. See, In re Cardizem, 391 F.3d at 816 (affirming appeal bond that contained projected attorneys' fees of

$50,000); In re Polyurethane Foam Antitrust Litig., 2016 WL 1452006, at *7-8) (noting that several courts have imposed very large amounts for projected attorney's fees but reducing requested $250,000 amount to $90,000 where objectors had shown a degree of bad faith).

Finally, Plaintiff seeks to include in the bond $40,000 for "additional administration cost . . . due to the delay caused by this appeal." (Docket No. 570 at 7). The Court will not include this request because it is not altogether clear that an appeal will delay receipt of the settlement money by Class members because Objectors have only appealed the award of attorney's fees. See Rosenbaum v. MacAllister, 64 F.3d 1439, 1442 (10th Cir. 1995) ("The only result of allowing the appeal would be to delay the payment of fees and expenses to the attorneys for the plaintiff class. Should the dissident's appeal succeed in reducing those fees, there would be additional funds for later distribution to the class members."). Regardless, "damages due to the delay Objectors' merits appeals might cause . . . is not the purpose of a Rule 7 bond." Tennille, 774 F. 3d at 1256.

Based on the foregoing, Plaintiff's "Motion for Appeal Bond" (Docket No. 569) is hereby GRANTED. Within ten (10) days of the date of entry of this Order, Objectors Mathis and Catherine Bishop SHALL POST an appeal bond in the amount of $80,000.

It is SO ORDERED.

Kevin H. Sharp

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE